**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| NASIR FINNEMEN,<br><br>    Plaintiff,<br><br>  v.<br><br>TARA MARCHETTI, et al.,<br><br>    Defendants. | Civil No. 15-8950 (RMB/JS) |
| NASIR FINNEMEN,<br><br>    Plaintiff,<br><br>  v.<br><br>KENNEDY UNIVERSITY HOSPITAL,<br>et al.,<br><br>    Defendants. | Civil No. 17-313 (RMB/AMD) |
| NASIR FINNEMEN,<br><br>    Plaintiff,<br><br>  v.<br><br>BLANCHE FARMER, et al.,<br><br>    Defendants. | Civil No. 17-1679 (RMB/KMW) |
| NASIR FINNEMEN,<br><br>    Plaintiff,<br><br>  v.<br><br>FRED URICOECHEA, et al.,<br><br>    Defendants. | Civil No. 17-1680 (RMB/KMW) |

| NASIR FINNEMEN, | Civil No. 18-656 (RMB/JS) |
| Plaintiff, | |
| v. | **OPINION** |
| STUART RABNER, et al., | |
| Defendants. | |

Plaintiff Nasir Finnemen, sometimes spelled Finneman, is no stranger to this Court. He has filed 19 lawsuits in this District, most within the last five years. As dictated by statute, the Court has screened and herein will screen each <u>in forma pauperis</u> filing. The Court's obligation is to dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The Court discusses each of Plaintiff's Complaints in this one Opinion for the ease and convenience of the Court. Many of Plaintiff's claims fail to state a claim or seek monetary relief from immune defendants, and thus, the Court need not recite the same in separate opinions.

<u>Civil Action 15-8950</u>

In this action, Plaintiff brings a claim under 42 U.S.C. § 1983 against Defendant Tara Marchetti and Judge Daniel Bernardin. As best this Court can discern, Plaintiff alleges

that Defendant Marchetti, a Delaware River Port Authority Police Officer, unlawfully issued him two tickets. One ticket appears to be for playing music too loudly in violation of P.R.R.2.1(d) and the other ticket is unclear and illegible. Enclosed with the Complaint is an Amended order finding the Plaintiff not guilty of the Playing Music Too Loudly violation. [Docket No. 1. At 9]. The Court will dismiss the claim against Defendant Marchetti because it fails to state a claim at this juncture. Plaintiff was cautioned by this Court in a prior Order that hiS Complaint was unclear and "absent an Amendment to the Complaint clarifying him claims, the Complaint may be subject to dismissal upon screening." [Docket No. 4, at 2]. Plaintiff may within 30 days file a motion for leave to file an amended complaint (with the proposed amended complaint attached). In the event Plaintiff fails to do so, the Court will enter an order dismissing the action with prejudice.

As to Defendant Judge Daniel Bernardin, the Complaint will be dismissed with prejudice. As the Supreme Court has long recognized, "judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000).

Civil Action 17-313

In this action, Plaintiff brings what appears to be a medical malpractice claim against Defendants Kennedy University Hospital, Kristy Meglino, R.N., and Russell Hartment, PA. The alleged basis for this Court's jurisdiction is a federal question, although it is clear from the pleading there is no such jurisdictional basis. As for diversity of citizenship jurisdiction, 18 U.S.C. § 1332, Plaintiff has failed to set forth the citizenship of each party, and on this basis the Court lacks subject matter jurisdiction. Indeed, on the face of the Complaint, Plaintiff appears to be a citizen of New Jersey and Defendants all appear so as well.

Even putting this Court's jurisdiction aside, the Complaint fails to state a claim for negligence. As best this court can ascertain, Plaintiff complains that Defendant Meglino, a nurse, "roughly with her hands, put i.v. needles in my left wrist and left forearm . . . ." Defendant Hartman caused more pain "with his hands to right shoulder . . . ." Such claims are woefully deficient. It should go without saying that medical treatment can rarely be administered without some level of discomfort, such as when an iv is inserted. The Complaint will therefore be dismissed without prejudice. If Plaintiff chooses, he may file a Motion for Leave to File an Amended Complaint (with the proposed Amended

Complaint attached). Such pleading shall set forth this Court's basis for jurisdiction. In the event no motion is filed, the case will be dismissed with prejudice.

Civil Action No. 17-1679

In this action, Plaintiff brings a claim under 42 U.S.C. § 1983 against Defendants Blanche Farmer, a New Jersey Transit bus driver, Public Defender Richard Josselson, Judge Charles Shimberg, New Jersey Transit, and Cherry Hill Municipal Court.

Apparently, Plaintiff alleges that Defendant Farmer "called the cops" on him (by dialing 911) and he was forced by police officers to get off the bus. Apparently, Plaintiff was charged with a violation and the case was heard by Judge Shimberg who adjudged Plaintiff guilty. Plaintiff alleges that Defendant Josselson, Plaintiff's public defender, refused to show the Judge any of his medical records which would have shown why Plaintiff was riding the bus.

The Complaint will be dismissed without prejudice. It is hard to see how the complaint sets forth any constitutional violations, much less any claims.

Federal Rule of Civil Procedures 8(a) requires that a complaint contain:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) [A] short and plain statement of the claim showing
      that the pleader is entitled to relief; and

  (3) [A] demand for the relief sought, which may include
      relief in the alternative or different types of
      relief.

"[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 311 (3d Cir. 2009).

As best this court can determine, Plaintiff was on the New Jersey Transit bus, the Defendant Farmer (the driver) called 911 and after a hearing the Judge found Plaintiff guilty. That the Public Defender did not introduce the medical records to show that Plaintiff was on the bus to go to his medical appointments is irrelevant.

The Complaint will be dismissed without prejudice. It is hard to see how the complaint sets forth any constitutional violations. If Plaintiff chooses, he may file a Motion for Leave to File an Amended Complaint (with the proposed Amended Complaint attached). Such pleading shall set forth this Court's basis for jurisdiction. In the event no motion is filed, the case will be dismissed with prejudice.

Civil Action 17-1680

In this action, Plaintiff brings a claim under 42 U.S.C. § 1983 against Camden County Sheriff Officer Defendant Fred

Uricoechea, Camden County Sheriff's Department, Camden County Sheriff Officer Adam Johnson, and Camden County Sheriff Officer Sarmukn Singh, a Superior Court Judge's law clerk, Heather Lowrey, that same Judge's secretary, Jackie Gaines, and the Camden County Hall of Justice. In sum and substance, Plaintiff alleges that Defendant Uricoechea did not "do his job by not trying to get my appeal form back from Judge Richard Wells chambers." He alleges this Defendant told him to leave the courtroom, and did not give him a chance to walk out of the courtroom and "started using excessive force with his hands by pushing me [who had a cane] roughly from the back outside the courtroom . . . ." His Complaint merely mentions Lowrey and Gaines, with no facts. As to the remaining Defendants, he alleges that "sheriff officers had [him] in [a] holding cell for approximately two hours before being release[d]."

The Complaint is deficient in many respects. First, it fails to state an excessive force claim. To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Liberally construing Plaintiff's allegations, the Court reads the Complaint as

attempting to state a claim under the Fourth Amendment under § 1983 for use of excessive force.  "A cause of action exists under § 1983 when a law enforcement officer uses force so excessive that it violates" the Fourth Amendment's protection from unreasonable search and seizure.  <u>Groman v. Township of Manalapan</u>, 47 F.3d 682, 683-84 (3d Cir. 1995). Accordingly, a Fourth Amendment excessive force claim requires a plaintiff to demonstrate that a "seizure" occurred and that it was unreasonable.  <u>Abraham v. Raso</u>, 183 F.3d 279, 288 (3d Cir. 1999) (quoting <u>Brower v. County of Inyo</u>, 489 U.S. 593, 599 (1989)).  The reasonableness of the force used is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Graham v. Connor</u>, 490 U.S. 386, 396 (U.S. 1989).

Here, Plaintiff alleges that he was "held and handcuff[ed] and charge[d]" and spent approximately two hours in a holding cell before being released.  He does not, however, plead facts sufficient to establish that Uricoechea used unreasonable force against him. Plaintiff merely alleges that Uricoechea pushed him "roughly" from the back. "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's

chambers,' . . . violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-97. Though Uricoechea's actions, as pleaded by Plaintiff, do not appear unreasonable, Plaintiff's allegations are insufficient for the Court to conduct the fact-specific reasonableness analysis required by the Fourth Amendment. As to the remaining Defendants, the Complaint fails to allege any facts entitling him to relief. Although Plaintiff alleges that he was detained for two hours, he fails to set forth the facts and circumstances to show that he is entitled to relief as a matter of law.

This Complaint is therefore dismissed without prejudice. Plaintiff may within 30 days file a Motion for Leave to File an Amended Complaint (with the proposed Amended Complaint attached). In the event Plaintiff fails to do so, the Court will enter an order dismissing this action with prejudice.

Civil Action 18-656

In this action, Plaintiff brings a claim against Defendants Chief Justice Stuart Rabner, Elena Edwards, Kimberly M. Wilson, and Kim Lovette. As he sets forth in his

Complaint, "the reasons why [he is filing the Complaint] is because I have been filing papers with the Supreme Court . . . and believe their (sic) making things harder for me by not giving me what I'm asking for and finding me guilty . . . ."[1] It is clear that the Complaint fails to state a claim because Plaintiff is asking this Court to intervene in state criminal proceedings which it will not do.[2]  Younger v. Harris, 401 U.S. 37 (1971).  Moreover, the Complaint against Justice Rabner is barred by the doctrine of judicial immunity, supra.  Further, it is unclear what misconduct Plaintiff alleges with regard to the other Defendants.

    Accordingly, the Complaint will be dismissed with prejudice.  The pending application for pro-bono counsel is denied as moot.

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          United States District Judge

Dated: February 28, 2018

---

[1] On February 13, 2008, Plaintiff purported to amend his complaint by submitting a letter dated November 21, 2017 asking the Supreme Court of New Jersey for a "written explanation why [his] motion for assignment of [his] counsel."  [Docket No. 5].

[2] In his Complaint, Plaintiff explicitly refers to the ongoing New Jersey state criminal matter twice.